UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RANDALL ALAN WILLIAMS                                                                    PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 1:15CV137-RHW

JACKSON COUNTY, MISSISSIPPI et al                                                   DEFENDANTS

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging excessive force in connection with his arrest on January 26, 2015. Doc. [1]. He also alleges inadequate medical care for the injuries sustained as a result of the excessive force. *Id.* On October 15, 2015, the Court conducted a screening hearing. *See* Minute Entry (10/15/2015). Nearly three months after that hearing, on January 5, 2016, Plaintiff filed a motion for temporary restraining order and for preliminary injunction, which the Court now takes under consideration. Doc. [58]. Plaintiff argues that he is being denied medical care for an injured toe.

The purpose of a temporary restraining order (TRO) or preliminary injunction is to protect against irreparable injury and preserve the status quo until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

(1) a substantial likelihood that plaintiff will prevail on the merits;
(2) a substantial threat that irreparable injury will result if the injunction is not granted;
(3) that the threatened injury outweighs the threatened harm to defendant; and

(4) that granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. FED. R. CIV. P. Rule 65(b).

The Court finds that Plaintiff's motion should be denied. Plaintiff has offered only conclusory, unsupported assertions without any supporting exhibits or affidavits. Hence he fails to meet his burden of persuasion as to any of the elements. He merely asserts that he should be taken to a suitable doctor for treatment of his injured toe and that if he does not receive proper treatment he may never walk normally and will hurt for the rest of his life. The question of Plaintiff's medical care, and whether it is constitutionally adequate, is one of the disputed issues in this case. Thus far, Plaintiff has failed to present evidence in support of his claim that Defendants have not provided constitutionally adequate medical care.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [58] Motion for Temporary Restraining Order and for Preliminary Injunction is DENIED.

SO ORDERED, this the 18th day of May, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE